**FILED**
**Dec 04, 2018**
**10:35 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Althea Myers, | ) | **Docket No. 2018-06-1243** |
| **Employee,** | ) | |
| v. | ) | **State File No. 43894-2018** |
| Tyson Foods, Inc., | ) | |
| **Self-insured Employer.** | ) | **Judge Dale Tipps** |
| | ) | |

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

This case came before the Court for an expedited hearing on November 29, 2018. The issue is whether Ms. Myers' right-knee complaints arose primarily out of and in the course and scope of her employment at Tyson. For the following reasons, the Court holds she is likely to succeed at a hearing on the merits in establishing entitlement to an evaluation and potential treatment by the panel-selected physician.

### History of Claim

Ms. Myers worked as a general laborer for Tyson. On April 5, 2018, she tripped and fell over a pallet, injuring her right knee.

Ms. Myers went to Tyson's onsite clinic, where registered nurse Juliana Johnson examined her. According to Ms. Johnson's affidavit, Ms. Myers had full active range of motion in her right knee, and "the skin was intact and that there was no scraped area, no redness, no swelling, and no bruising." Ms. Johnson iced the knee, applied a menthol lotion and gave Ms. Myers Tylenol. Ms. Johnson noted, "Ms. Myers moved easily as she left OHS [the clinic] and did not walk with a limp." Ms. Myers returned to the clinic the next day, and Ms. Johnson returned her to full-duty work. Ms. Myers returned to the clinic on April 17 for a new hire follow-up exam and was again cleared for full-duty. She again returned to the clinic on April 18, 19 and 20 for unrelated treatment and did not mention the knee injury at those visits, per Ms. Johnson.

Before and after the fall at work, Ms. Myers saw providers at Comprehensive Pain Specialists approximately every two months. Treatment notes beginning in July 2017 show that Ms. Myers complained of "chronic pain" in her low back and right shoulder, as

1

well as "bilateral knee pain present for several years— reports osteoarthritis there." Providers diagnosed osteophytes in her knees, and other conditions involving other body parts. An April 25, 2018 note reads, "pt states the right knee slight fall at work, using ice and knee brace." They noted swelling of the knee and recommended use of a brace. At the next visit of May 17, Ms. Myers reported persistent knee pain, and the providers prescribed a topical anti-inflammatory and recommended continued use of the brace.

The next day, Ms. Myers met with Pam Blaker, a registered nurse at Tyson who reviews occupational and non-occupational injuries but did not serve as a nurse case manager in this case. She did not examine Ms. Myers. She took notes during their conversation, which state, "denies work injury—not want to file W.C."

Three days later, Ms. Myers requested workers' compensation benefits. Tyson offered a panel on May 21 from which Ms. Myers chose Dr. David Moore, and Tyson ordered copies of her medical records at Dr. Moore's request.

Tyson's claims adjuster, Stephanie Frazier, telephoned Ms. Myers on May 23. According to Ms. Frazier's affidavit, Ms. Myers told her that "By April 7, 2018 she was pain free," but the pain returned approximately one month later "when it began raining." Ms. Frazier further wrote:

> Ms. Myers said that she sees a doctor for pain management every two months and that the doctor told her it was the same knee she had complained about a year ago. When I asked Ms. Myers if her pain management doctor mentioned whether the current knee pain was related to the workers' compensation claim or the previous problems with her knee, she responded that the doctor did not say. When I asked her why she thought the current pain is related to the workers' compensation claim if she was pain free for about a month, Ms. Myers responded that nothing else would have caused it to hurt.

Ms. Frazier also obtained the records of Comprehensive Pain Specialists. When she asked Ms. Myers about those records, Ms. Myers denied preexisting problems with her knee.

Tyson did not authorize a visit with Dr. Moore but instead denied the claim on June 15. The denial notice stated, "Investigation determined that current complaints are not related to the incident at work," while a letter from Ms. Frazier said, "You reported resolve from the incident which [sic] occurred at work. Personal medical records reflect a long going pre-existing condition to your knees." Ms. Frazier's affidavit attributed the denial to Ms. Myers' allegedly reporting the knee pain resolved, her longstanding pre-existing knee condition, and "the fact that Ms. Myers was not forthcoming about her pre-existing knee problems during my investigation and even denied knowing about any prior

2

knee problems when confronted with medical records revealing her long standing [sic] knee problems."

During the hearing, Ms. Myers acknowledged prior problems and treatment for her knee. However, the main reason she treated at Comprehensive Pain Specialists was back pain, and her knee arthritis was not severe. Before the April 5 work accident, she was having no problems with her knee. Ms. Myers denied that her knee pain resolved after the work accident. Instead, she testified that her knee bothered her every day, although she did not seek treatment at Tyson's clinic every time it hurt.

Ms. Myers requested medical treatment for continued knee pain.[1] Tyson countered that Ms. Myers failed to meet her burden of proving that that her knee injury arose primarily out of and in the course and scope of her employment.

### Findings of Fact and Conclusions of Law

At an expedited hearing, Ms. Myers must establish she would likely prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Ms. Myers must establish she is likely to prove she suffered an accidental injury that was "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A).

Ms. Myers credibly testified about the events before and after her fall at work on April 5, and Tyson offered no contrary evidence. In fact, its records confirm the incident, as well as Ms. Myers' first aid treatment. Therefore, the Court holds that Ms. Myers is likely to prove at a hearing on the merits that her injury occurred in the course and scope of her employment.

However, Ms. Myers must also establish that her current complaints arose primarily out of her employment. On this point, Tyson argued Ms. Myers' present condition relates to pre-existing osteoarthritis rather than her fall at work.

The Workers' Compensation Law excludes as compensable "the aggravation of a preexisting disease, condition or ailment unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope

---

[1] Ms. Myers also requested six months of wages until she is able to find new employment. The Court would normally consider this a request for temporary disability benefits. However, it cannot consider a request for temporary disability benefits at this time because the mediator did not certify it as an issue; *see* Tenn. Code Ann. § 50-6-239(b)(1) ("[O]nly issues that have been certified by a workers' compensation mediator within a dispute certification notice may be presented to the workers' compensation judge for adjudication.").

of employment." Tenn. Code Ann. § 50-6-102(14)(A). This must be shown "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C).

The Court also agrees with Tyson that no physician provided an opinion on causation. Absent such an opinion, Ms. Myers cannot prove "to a reasonable degree of medical certainty" that her work "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." However, the Court must also analyze Tyson's failure to provide an initial appointment with Dr. Moore, the panel physician.

Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) provides that, "in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians . . . from which the injured employee shall select one (1) to be the treating physician." Further, at an expedited hearing, an employee need not establish the compensability of his or her claim by a preponderance of the evidence, but rather where the employee comes forward with sufficient evidence to support that a work event resulted in injury, it may also be sufficient to support an order compelling an employer to provide a panel. *See Lewis v. Molly Maid,* 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Apr. 20, 2016). In *McCord*, the Workers' Compensation Appeals Board found that:

> [W]hether the alleged work accident resulted in a compensable injury has yet to be determined. Therefore, while Employee has not proven by a preponderance of the evidence that she suffered an injury arising primarily out of and in the course and scope of employment, she has satisfied her burden at this interlocutory stage to support an Order compelling Employer to provide a panel of physicians.

*McCord* at *16, 17. Thus, the question is whether Ms. Myers provided sufficient evidence to satisfy her "burden at this interlocutory stage" that she is entitled to an appointment with Dr. Moore.

Tyson based its denial on its adjuster's assertion that the knee "resolved" before Ms. Myers asserted her claim. However, the Court finds Ms. Myers credibly testified that her knee pain persisted after the accident. The Court also believes her testimony that the pain after the April 6 incident was more severe than before. Further, the Comprehensive Pain Specialists records do not support Tyson's contention. Rather, these records show that Ms. Myers reported the fall in April 2018 and the providers offered treatment for it. Although Tyson had this information, it failed to ask Comprehensive Pain Specialists for an opinion as to whether Ms. Myers' pain stemmed from her work injury or her pre-existing osteoarthritis. Similarly, it failed to authorize a visit to the

panel physician, who could have provided a causation opinion. Instead, Tyson simply substituted its judgment for that of the medical providers. "Parties and their lawyers cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments." *Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at \*17 (Feb. 14, 2018).

Tyson raised questions about what it considered Ms. Myer's lack of candor about her pre-existing knee problems. Even if valid, these concerns do not relieve an employer of its statutory duty to provide a panel and medical treatment when an employee reports a work injury.

Therefore, the Court holds that while Ms. Myers has yet to establish compensability, she has shown a likelihood of establishing entitlement to evaluation and potential treatment of her alleged injury.

**IT IS, THEREFORE, ORDERED** that:

1. Tyson authorize an evaluation and potential treatment with Dr. Moore.

2. This matter is set for a Scheduling Hearing on **February 19, 2019, at 9:00 a.m. Central Time. The parties or their counsel must call 615-741-2112 or toll-free at 855-874-0473 to participate in the hearing.** Failure to call may result in a determination of the issues without your participation.

3. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The self-insured employer must submit confirmation of compliance with this Order to the Bureau by email to [WCCompliance.Program@tn.gov](mailto:WCCompliance.Program@tn.gov) no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.** For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED DECEMBER 4, 2018.**


_____
**JUDGE DALE TIPPS**
**Court of Workers' Compensation Claims**

5

## APPENDIX

Technical Record
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Expedited Hearing Brief

Exhibits
1. Ms. Myers' affidavit
2. First Report of Work Injury
3. Choice of Physicians form
4. Denial form/letter
5. Affidavit of Stephanie Frazier
6. Team Member Statement of Injury
7. Affidavit of Pam Blaker
8. Post-Offer Health Assessment
9. Handwritten notes of Ms. Blaker
10. Encounters printout
11. Affidavit of Juliana Johnson
12. Medical records
13. Wage Statement

## **CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent to the following recipients by these methods of service on December 4, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Althea Myers, Self-Represented Employee | X | | X | 808 Hillmore Dr., Nashville TN 37218 thea63myers@gmail.com |
| Michael Haynie, Employer's Attorney | | | X | mhaynie@manierherod.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**

6



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name:_____   SF#:_____   DOI:_____

## Appellee(s)

**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address:_____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]     _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### Affidavit of Indigency

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month      Medical/Dental $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing $ _____ per month |
| Gas | $ _____ per month | Child Care $ _____ per month |
| Transportation | $ _____ per month | Child Support $ _____ per month |
| Car | $ _____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

Amount Owed          To Whom

_____     _____

_____     _____

_____     _____

_____     _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                              RDA 11082